United States District Court
Southern District of Texas
**ENTERED**
August 07, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| AGATHA KIRK, ET AL.,<br>*Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:26-cv-1339 |
| | § | |
| HOUSE AROUND THE CORNER, LLC, ET AL,<br>*Defendants*. | § | |

**JUDGE DENA PALERMO'S**
**REPORT AND RECOMMENDATION**

This is a *pro se* case. ECF No. 1. Plaintiff asserts federal question jurisdiction as the basis for subject matter jurisdiction. ECF No. 1-1.[1] Plaintiffs' complaint consists of two handwritten sentences and a collection of documents, including an eviction notice, letter for debt validation, account statement, and various documents related to eviction proceedings. ECF No. 1 ("We requested full detail Disclosure on how our Loan against our Property that was sold, causing us to become [tenants]. We provided Judge Wanda Adams with our constitutional rights to full disclosure in our [affidavit] regarding case # 26710003085.").

Although no party contested subject matter jurisdiction, the Court has an independent obligation to determine subject matter jurisdiction. *See Benton v. Tex. Dep't of Criminal Justice*, No. 4:24-CV-0112, 2024 WL 3237543, at *1 (S.D. Tex. May

[1] Although directed to only select one "nature of suit" code, Plaintiffs' civil cover sheet lists "recovery of overpayment and enforcement of judgment," "other personal injury," "other fraud," "other civil rights," and "False Claims Act." ECF No. 1-1.

23, 2024), *adopted*, No. 4:24-CV-00112, 2024 WL 3246071 (S.D. Tex. June 26, 2024) ("Federal courts have an affirmative duty to examine *sua sponte* the basis for subject matter jurisdiction.") (citing *Union Planters Bank Nat. Assn. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). Concerned it lacked subject matter jurisdiction, the Court entered a show cause order and ordered Plaintiff to demonstrate how the Court has subject matter jurisdiction over her claims. ECF No. 6. Plaintiff responded to the show cause order that "Defendant [f]ailed to provide required disclosure under Truth in Lending Act ("TILA"), [f]ailed to provide proper notice of loan transfer and servicing as required under the Real Estate Settlement Procedures Act ("RESPA"), and [e]ngaged in misleading and deceptive conduct regarding the nature of the transaction and Plaintiff's legal status in the property." ECF No. 9 at 2. Plaintiff does not specify which of the four defendants these claims are against, much less any detail about the (in)actions taken by any of Defendants. *See* ECF No. 9.[2]

Based on the Court's independent review, it lacks subject matter jurisdiction over the instant case. Plaintiff's pleadings and response to the show cause order fail to establish a basis for federal subject matter jurisdiction under either 28 U.S.C. § 1331. "Federal question jurisdiction under 28 U.S.C. § 1331 'exists when "a well-pleaded

[2] Plaintiff also filed an "affidavit of truth" where she explains that she originally purchased the property with a loan and when she could not make the payments, the property was foreclosed on and House Around the Corner, LLC purchased the property and offered to rent the property to her. ECF No. 7 at 1–2. Around January 2014, she agreed to pay rent as a tenant. ECF No. 7 at 2. Plaintiff asserts that before entering into the rental agreement, Ditech GMAC, from which Plaintiff received her loan, did not communicate with Plaintiff. ECF No. 7 at 1–2. Ditech GMAC is not named as a defendant.

complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"" *Fisher v. Harmony Pub. Sch.*, No. 5:23-CV-183-H-BQ, 2023 WL 9102235, at *3 (N.D. Tex. Oct. 30, 2023), *adopted*, No. 5:23-CV-183-H-BQ, 2024 WL 56320 (N.D. Tex. Jan. 4, 2024) (quoting *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *Id.* (quoting *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam)). "[T]he party invoking federal subject matter jurisdiction cannot satisfy their burden by conclusory allegations alone." *Wiley v. Dep't of Energy*, No. CV 21-933, 2021 WL 4460529, at *3 (E.D. La. Sept. 29, 2021) (quoting *Fairley v. Ford*, 2018 WL 11355030, at *2 (W.D. Tex. Jan. 24, 2018) (citing *Larremore v. Lykes Bros. Inc.*, 454 F. App'x 305, 307 (5th Cir. 2011); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)), *aff'd*, 731 F. App'x 356 (5th Cir. 2018)). Taking aside the likely expired statute of limitations—these claims likely arose over 12 years ago—and improperly named defendants,[3] Plaintiff's vague and conclusory allegations of RESPA and TILA violations are insufficient to raise a federal question. *See Wiley*, 2021 WL 4460529, at *3; *Polk v. Castillo*, No. 3:22-CV-1814-S-BN, 2022 WL 5213356, at *2 (N.D. Tex. Aug. 31, 2022), *adopted*, No. 3:22-CV-1814-S-BN, 2022 WL 5213083 (N.D. Tex. Oct. 5, 2022) ("a complaint that simply points to

---

[3] Plaintiff sued three individuals, including a state court judge, and her purported landlord, House Around the Corner, LLC. *See* ECF No. 1.

a federal law does not provide for subject matter jurisdiction under Section 1331 where the complaint lacks factual allegations showing how the federal law applies to a plaintiff's claim.") (citing *Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam); *Harrington v. City of Shiner, Tex.*, No. 6:20-cv-00039, 2021 WL 4503013, at *5 (S.D. Tex. Sept. 30, 2021)).

The Court should not exercise subject matter jurisdiction over this case. Plaintiff's claims should be *sua sponte* dismissed. *See Benton*, 2024 WL 3237543, at *1 ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") (quoting Fed. R. Civ. P. 12(h)(3)).

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed on August 7, 2026, at Houston, Texas.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**